MEREDITH HOGGARD v. WILLIAM M. (JIMMIE) UMPHLETT

No. 806SC66

(Filed 19 August 1980)

**Master and Servant § 23.2; Negligence § 30.3– injuries to employee – paint can thrown in fire by child – no negligence by employer**

    In an action to recover damages for injuries suffered by plaintiff when an aerosol paint can exploded while plaintiff was tending a fire on defendant's premises, the evidence was insufficient for the jury on the issue of defendant's negligence where it tended to show that plaintiff was employed as a general laborer by defendant; plaintiff followed defendant's directions to rake his yard, to place empty paint cans in defendant's trash trailer, and to put any paint cans which were not empty beside the door to defendant's shop; a pile of pine straw and branches was being burned by defendant approximately 50 feet from defendant's house and 50 feet from defendant's shop; plaintiff began tending the fire when defendant and a visitor went into defendant's house; the visitor told defendant that a child who lived next door was playing around the fire or throwing things into the fire; defendant immediately ran the child away; defendant had repeatedly run such child off his property and had constructed a fence to keep the child from running across his yard; and approximately two to three minutes after defendant

chased the child away, plaintiff stuck a pitchfork into the fire to rake the ashes and an aerosol can of paint exploded, causing substantial injuries to plaintiff, since (1) the attractive nuisance doctrine does not apply; (2) the case does not involve an instrumentlity which is dangerous *per se* or as used; (3) defendant did not fail to maintain a safe place to work; (4) plaintiff should have had equal knowledge of the dangerous condition; and (5) it was not foreseeable by defendant that the child would pick up an aerosol can next to defendant's shop and throw it in the fire, and the visitor's warning to defendant about the child placed no duty on defendant to inspect the fire or to warn his employee as to the potential danger of an exploding can.

APPEAL by defendant from *Small, Judge*. Judgment entered 12 September 1979 in Superior Court, BERTIE County. Heard in the Court of Appeals 4 June 1980.

On 17 April 1978 plaintiff filed a complaint seeking to recover damages for injuries suffered by plaintiff when an aerosol paint can exploded while plaintiff was tending a fire under the direct supervision of the defendant on the defendant's premises. The defendant alleged contributory negligence. The matter was tried before a jury and defendant's motions for a directed verdict at the close of the plaintiff's evidence and at the close of all the evidence were denied. The jury returned a verdict that the defendant was negligent, that the plaintiff did not by his own negligence contribute to his injuries, and that the plaintiff was entitled to recover $6,500 from the defendant.

Only the evidence relevant to the issue of liability will be summarized below. As there is little, if any, conflict between the evidence submitted by plaintiff and defendant, we elect to summarize the evidence in chronological order.

On or about 4 October 1976, plaintiff, 22 years old, was living in a trailer on defendant's premises and was employed as a general laborer by defendant. On the Friday before the occurrence of the explosion of the paint can which injured plaintiff, defendant told plaintiff to rake his yard, to place any empty paint cans in defendant's trash trailer, and to put any paint cans, aerosol or otherwise, which were not empty in or beside the door of defendant's shop. Plaintiff performed as he was requested, and all of the paint cans were placed either beside the shop door or in the trailer. The cans in the trailer were hauled off the day before the explosion.

Hoggard v. Umphlett

On Monday, the day of the explosion, plaintiff did no more raking and, for most of the day, cleaned up the other side of the shop and hauled refrigerators. The defendant was burning the pile of pine straw and branches which had been raked together by plaintiff on Friday. The fire was lit around 3:00 or 4:00 p.m., but by the time the accident occurred, sometime between 5:00 and 7:30 p.m., the fire had burned down to a pile of ashes eight to ten inches from the ground at the highest point, and approximately four feet by four feet in area. At this time Beatrice Robbins came to visit the defendant to talk with him about the possibility of buying his house. Defendant asked plaintiff if he would like a cup of coffee and plaintiff responded, "No, thank you," and that he was "looking after eating some grapes." Defendant then handed plaintiff his pitchfork and asked plaintiff if he would stir up the fire and rake the ashes so that the pile would be smaller. Defendant went in the house to talk with Ms. Robbins. Plaintiff went over to the fire, raked the ashes into a smaller pile, and then went over to the grapevine, located 15 feet away from the fire, to eat some grapes. The fire was approximately 50 feet from the back of the house and approximately 50 feet from defendant's shop.

After defendant had been in the house for approximately ten to fifteen minutes, Ms. Robbins told defendant, "That little boy is throwing stuff in the fire or playing in the fire." Defendant went to the door and yelled, "Git," and the child left. The child was Irvin Kelly, Jr., and lived next door to defendant. Defendant stated that he had told the child to get out of his yard "twenty-five thousand times" because the child threw things at defendant's ducks. Defendant had put up a wire fence to keep the child from running through his yard. Plaintiff was standing between the grapevine and the fire when defendant yelled at the child. Defendant did not go out and inspect the fire after the child left. Approximately two to three minutes later, plaintiff went to the fire and stuck the pitchfork into the fire in an attempt to rake the ashes. At that time an aerosol can of red paint exploded, thereby causing plaintiff substantial injuries. Plaintiff, however, was unaware that any child had entered the yard within a short period prior to the time of the explosion. There was nothing in the record to suggest that plaintiff heard defendant yell at the child to get away from the fire.

*Pritchett, Cooke & Burch by W.L. Cooke for plaintiff appellee.*

*Rodman, Rodman, Holscher & Francisco by Edward N. Rodman for defendant appellant.*

CLARK, Judge.

Defendant's sole assignment of error is that there was insufficient evidence to go to the jury on the issue of his negligence. The question ultimately boils down to a determination as to whether the statement by Ms. Robbins that the child was playing around the fire or had thrown something in the fire was sufficient to give rise to a duty on the part of defendant to inspect the fire or to warn his employee as to the potential danger of an exploding can. This question in turn depends upon whether defendant could foresee that, without having been seen by plaintiff, the child would pick up an aerosol can in or next to defendant's shop which was located approximately 50 feet from the fire, and that the child would deliberately take the aerosol can and throw it on the burning coals. We hold that defendant was not guilty of actionable negligence.

First, we note that this case does not involve an attractive nuisance. The evidence suggests that the defendant repeatedly ran the child off his property, that he constructed a fence to keep the child from running across his yard, and that the defendant ran the child away immediately upon learning of the child's presence on the property. Consequently, there is no permissible inference that, because defendant had an attractive nuisance, he is therefore liable for any injury to a child or others incurred as a result of the child's attraction to defendant's property.

Second, this case does not involve an instrumentality which is dangerous *per se,* or dangerous as used, since the cans in question were stacked, *by plaintiff,* against the shop 50 feet away from the fire. For the same reasons, the defendant did not fail to keep a safe place to work. Again, the plaintiff's own testimony was that all the paint cans had been picked up by him and either thrown away in the trash trailer or stacked up next

to the door of defendant's shop. We can find no failure to keep a clean and safe place to work when plaintiff was employed for the purpose of cleaning up and did in fact clean up prior to the accident. The result might be different if the facts indicated that paint cans lay in abandon on the ground in close proximity to the fire. Here, however, there is no evidence in the record that the defendant was or should have been aware of a dangerous condition on his property, and we note that the mere stacking of paint cans next to his shop 50 feet away from a purportedly watched fire 4 feet by 4 feet by 8 inches in size does not give rise to a "dangerous condition," notwithstanding the fact that a child had from time to time been seen on the property.

Third, it is the general rule that one has no duty toward another who has or should have equal knowledge of the dangerous condition. *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1967). It was plaintiff's duty to watch the fire. Plaintiff, being outside and only 15 feet away from the fire, as compared with the fact that defendant was at least 50 feet away from the fire and inside a house, should have seen the child, or, at least after the defendant yelled at the child, should have known of the presence of the child or that the fire might have been disturbed in some way.

The employer does not *ipso facto* serve as the insurer for all injuries which may occur to an employee during the course of the employment relationship. Assuming the Workers' Compensation Act does not apply, negligence is a prerequisite for the employer's liability, and negligence cannot be presumed from the mere fact that there has been an accident or injury. *King v. Bonardi*, 267 N.C. 221, 227, 148 S.E. 2d 32 (1966); *Crisp v. Medlin*, 264 N.C. 314, 141 S.E. 2d 609 (1965).

We have diligently researched the North Carolina case law and have not found a case which is apposite on its facts. Nonetheless, we hold that the general principles of the law of negligence still apply, that, despite plaintiff's hardship, the record presents insufficient evidence to go to the jury on the question of negligence and that the trial court erred in denying defendant's motion for a directed verdict.

Reversed.

Chief Judge MORRIS and Judge ERWIN concur.